IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MANUEL ENRIQUE CAMACHO                                           PETITIONER

v.                                      CIVIL NO. 12-5069

RAY HOBBS, Interim Director,
Arkansas Department of Corrections                               RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is Petitioner's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2254 filed on April 13, 2012. (Doc. 1). Respondent filed a Response on May 25, 2012. (Doc. 8). Petitioner filed a Reply on July 13, 2012. (Doc. 11). At the Court's direction, the Respondent filed a Response to the Reply on July 11, 2013. (Doc. 19). Petitioner then filed a Sur-Reply on August 19, 2013. (Doc. 22). The matter is now ready for Report and Recommendation.

### Background

On July 11, 2008, Petitioner pled guilty in Benton County Circuit Court to capital murder, and was sentenced to life imprisonment without the possibility of parole. On July 22, 2008, a Judgment and Commitment Order was entered by the Court. (Doc. 8, Attachment 2).

On October 9, 2008, pursuant to Arkansas Rule of Criminal Procedure 37, Petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court of Benton County. (Doc. 8, Attachment 4). The Circuit Court denied the Rule 37 Petition (Doc. 8, Attachment 4, pgs. 24-26), and the Arkansas Supreme Court affirmed the denial on May 26, 2011. The Arkansas

Supreme Court issued its mandate on June 14, 2011.  See Camacho v. State, CR 09-389, 2011 WL 2062328 (Ark. 2011).[1]

On April 13, 2012, Petitioner brought this petition under 28 U.S.C. § 2254, alleging the following grounds for relief:

> 1. His guilty plea was coerced;
> 2. His trial counsel was ineffective by:
>    a. failing to provide an interpreter at each court proceeding and during discussions with him,
>    b. failing to ensure that mental-health evaluations were completed prior to the entry of a guilty plea to determine competency to stand trial,
>    c. inducing him to enter a guilty plea,
>    d. failing to conduct an adequate pre-trial investigation, and
>    e. failing to move to dismiss the charges on speedy-trial grounds;
> 3. He was actually and constructively denied counsel due to a delay in consular notification; and
> 4. The State engaged in prosecutorial misconduct by failing to disclose to the defense until jury selection had begun the fact that a gun had been located in a bag in the victim's car.

(Doc. 1, pgs. 21-67).

Respondent asserts that the Petition is time-barred under 28 U.S.C. §2244(d)(1). Respondent further asserts that Petitioner's claims in Grounds 2(b), (3) and (4), are procedurally barred from federal review and should be dismissed.  (Doc. 8).

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner seeking a writ of habeas corpus to file his federal petition within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  That limitations period is tolled,

---

[1] While it does not appear that the mandate was submitted to this Court, the docket report on the Arkansas Supreme Court's public website confirms the date of issuance of the mandate.

however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." §2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).

In the present case, Petitioner pled guilty on July 11, 2008, and the Judgment and Commitment Order was entered on July 22, 2008.[2] Because Petitioner pled guilty, he was precluded from filing a direct appeal. See Ark. R.App. P.-Crim. 1(a)("Except as provided by A.R. Cr. P. 24.3(b) [authorizing conditional guilty pleas] there shall be no appeal from a plea of guilty or nolo contendere"). Petitioner argues that for AEDPA limitation purposes, the "date that the time for seeking such review expire[d]" was thirty days from July, 22, 2008, or the time period that Petitioner could have filed an appeal. (Doc. 11, p. 6). In making this argument, Petitioner relies upon Gonzalez v. Thaler, 132 S.Ct. 641 (2012). Petitioner's reliance on Gonzalez is misplaced. In Gonzalez, the Supreme Court held that when a petitioner forgoes state-court appeals, the court must look to state-court filing deadlines to determine the time for seeking direct review. Id. at pg. 655. In the present case, Petitioner did not "forgo" a state-court appeal, he was precluded from filing such an appeal because he pled guilty. Therefore, the Judgment became final on July 22, 2008, when the Judgment and Commitment Order was entered. See McHaney v. Hobbs, 2013 WL 394215, *3 (E.D. Ark. Jan. 7, 2013), adopted by district judge in 2013 WL 395117 (E.D. Ark. January 31 2013); Ybarra v. Hobbs, 2012 WL 3542194 (W.D. Ark. July 16, 2012), adopted by district judge in 2012 WL 3542290 (W.D. Ark.

---

[2] The original Judgment and Commitment Order dated July 22, 2008, indicated that Petitioner pled guilty on July 7, 2008. This was a clerical error as Defendant pled guilty on July 11, 2008. An amended Judgment and Commitment Order correcting the clerical error was filed on October 30, 2008. (Doc. 8, Attachment 3). As the amended judgment merely corrected a clerical error, it did not serve to restart the one-year limitations period. See Martin v. Province, 2010 WL 5093403, at *2 n.2 (N.D. Okla. December 8, 2010); United States v. Gericke, 2007 WL 1291098, at *3 n.2 ( D. Neb. Mar. 21, 2007).

AO72A
(Rev. 8/82)

August 14, 2012), certificate to appeal denied in 2012 WL 4483428 (W.D. Ark. September 28, 2012); Thomas v. Norris, 2011 WL 860681 (E.D. Ark. February 17, 2011), adopted by district judge in 2011 WL 860659 (E.D. Ark. March 9, 2011).

Accordingly, Petitioner had one year from July 22, 2008, to file his §2254 motion in this Court. The clock for filing a §2254 motion ran until October 9, 2008, or for 79 days, when Petitioner filed his Rule 37 Petition. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir.2001) (the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period). The Arkansas Supreme Court entered a mandate on the Rule 37 Petition on June 14, 2011, so Petitioner had 286 days or until March 26, 2012, to file his §2254 Motion in federal court. Petitioner did not file his petition until April 13, 2012, 18 days after the limitation period had expired. Therefore, pursuant to 28 U.S.C. § 2244(d)(1), the instant Petition is untimely, unless the time for filing was extended for equitable reasons.

Because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, it may be subject to equitable tolling. See Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Nelson v. Norris, 618 F.3d 866, 893–93 (8th Cir. 2010) (quoting Holland, 130 S.Ct. at 2562) (internal quotations omitted). In general, equitable tolling provides "an exceedingly narrow window of relief," Jihad v. Hvass, 267 F.3d 803 (8th Cir.2001), and should be applied only when circumstances "beyond a prisoner's control make it impossible to file a petition on

time." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir.2000) (rejecting argument that counsel's confusion over statute of limitations is grounds for equitable tolling).

Petitioner argues that the record fails to show that he knowingly and intelligently waived his right to appeal, and therefore he could have filed a notice of appeal therefore his judgment would have become final 30 days after the entrance of the Judgment and Commitment Order on July 22, 2008. Specifically, Petitioner argues that the Judgment and Commitment Order's language "Defendant was informed of the right to appeal: YES," lulled Petitioner into thinking that the Judgment was not final until 30 days after it was filed. (Doc. 8, Attachments 2 and 3).

Arkansas Law is clear that when a defendant pleads guilty said defendant waives the right of a direct appeal. Petitioner obviously understood that he was not allowed to file a direct appeal because he did not do so, yet understood that he could file a Rule 37 petition as he timely filed said petition. Petitioner, who is currently represented by counsel, has not shown that he acted with diligence in asserting his federal habeas claims, nor has he demonstrated the existence of any extraordinary circumstances that prevented him from timely filing his petition for federal habeas review. Accordingly, equitable tolling is not warranted in this case.

## Conclusion

Based on the above, the undersigned recommends that the instant petition be dismissed with prejudice for the reasons stated.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 25th day of September, 2013.

/s/ *Erin L. Setser*
    HON. ERIN L. SETSER
    UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)